1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    JOSE LUIS LARA,                          )
                                               )    No. C 02-5429 JW (PR)
12                    Plaintiff,               )
                                               )    ORDER DIRECTING PLAINTIFF TO
13         vs.                                 )    EFFECTUATE SERVICE UPON OR
                                               )    PROVIDE COURT WITH LOCATION
14    DR. POSNER, et al.,                      )    INFORMATION FOR DEFENDANTS
                                               )
15                    Defendants.              )
                                               )
16                                             )
      _____         )
17

18          Plaintiff, a California prisoner currently incarcerated at Salinas Valley State

19    Prison ("SVSP"), filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983.

20    Plaintiff's original complaint was dismissed with leave to amend.  Plaintiff filed an

21    amended complaint on May 17, 2004, alleging he received inadequate medical care

22    from SVSP employees Dr. Posner, Dr. Haffner, Medical Technical Assistant J.

23    McAnutez, and Medical Technical Assistant Willis.  On November 9, 2006, the

24    Court found that the amended complaint, when liberally construed, stated a claim

25    against all four defendants.  In that same order, the Court directed the United States

26    Marshal to serve defendants at SVSP, where plaintiff indicated they were located.

27

28    Order Directing Plaintiff to Effectuate Service or Provide Location Information
      N:\Pro - Se\9.6.2007\02-5429 Lara05429_locate.wpd

United States District Court
For the Northern District of California

1    On January 29 and 30, 2007, the Marshal returned the summonses unexecuted,

2    indicating that defendants are not located at SVSP.  In that regard, the Marshal noted

3    that Dr. Posner, Dr. Haffner, and Willis no longer work at SVSP, and that McAnutez

4    is "unknown at the facility."

5        In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the

6    court shall issue and serve all process." 28 U.S.C. § 1915(d).  The court must

7    appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal,

8    upon order of the court, must serve the summons and the complaint, see Walker v.

9    Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  Although a plaintiff who is

10   incarcerated and proceeding in forma pauperis may rely on service by the Marshal,

11   such plaintiff "may not remain silent and do nothing to effectuate such service";

12   rather, "[a]t a minimum, a plaintiff should request service upon the appropriate

13   defendant and attempt to remedy any apparent defects of which [he] has

14   knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

15       Here, plaintiff's amended complaint has been pending for over 120 days, and

16   thus, absent a showing of "good cause," is subject to dismissal without prejudice.

17   See Fed. R. Civ. P. 4(m).  Plaintiff has not provided sufficient information to allow

18   the Marshal to locate and serve defendants, and consequently plaintiff must remedy

19   the situation or face dismissal of his complaint without prejudice.[1]  See Walker v.

20   Sumner, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison

21   official should not be dismissed under Rule 4(m) where prisoner failed to show he

22   had provided Marshal with sufficient information to effectuate service).

23   _____

24       [1]On February 26, 2007, plaintiff wrote a letter to the court indicating that he has
     requested further location information for defendant McAnutez from prison officials.
25   Plaintiff has not since indicated what information, if any, he received in response, nor has
     he provided any indication as to what efforts he has made to locate the other defendants.
26   Plaintiff attaches to the letter some medical records which he claims indicate McAnutez is
     an M.T.A. at SVSP.  The records contain a signature which the court cannot decipher, and
27   no indication as to the signator's title or position at SVSP.

28   Order Directing Plaintiff to Effectuate Service or Provide Location Information
     N:\Pro - Se\9.6.2007\02-5429 Lara05429_locate.wpd       2

1    Accordingly, plaintiff must either himself effect service on defendants, or

2  provide the Court with their accurate current location such that the Marshal is able to

3  effect service.  If plaintiff fails to effectuate service on defendants, or provide the

4  Court with an accurate current location for them, within **thirty (30) days** of the date

5  this order is filed, plaintiff's claims will be dismissed without prejudice pursuant to

6  Rule 4(m) of the Federal Rules of Civil Procedure.

7

8  DATED:     August 31, 2007     _____

9                                 JAMES WARE
                                  United States District Judge

United States District Court

For the Northern District of California