United States District Court

For the Northern District of California

1
2
3
4
5
6
7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOSE LUIS LARA,                          )
                                              )   No. C 02-05429 JW (PR)
12              Plaintiff,                     )
                                              )   ORDER DIRECTING CLERK TO
13       vs.                                  )   REISSUE SUMMONS
                                              )
14                                            )
     DR. POSNER, et al.,                      )
15                                            )
                Defendants.                   )
16                                            )   (Docket No. 31)
                                              )
     _____     )
17

18          Plaintiff, a California inmate proceeding pro se, filed this civil rights

19   complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious

20   medical needs by Salinas Valley State Prison ("SVSP") employees.  The Court

21   dismissed the complaint with leave to amend for plaintiff to cure various pleading

22   deficiencies.  Plaintiff filed an amended complaint, which the Court, after finding

23   the amended complaint stated cognizable claims under§ 1983, ordered service of the

24   amended complaint upon defendants at SVSP.  On January 29 and 30, 2007, the

25   Marshal returned the summonses unexecuted, indicating that defendants are not

26   located at SVSP.  In that regard, the Marshal noted that Dr. Posner, Dr. Haffner, and

27   Willis no longer work at SVSP and that McAnutez is "unknown at the facility."  On

28
     Order Directing Clerk to Reissue Summons
     P:\PRO-SE\SJ.JW\CR.02\Lara05429_reissue summons.wpd

1  September 6, 2007, the Court directed plaintiff to effectuate service upon or provide

2  the Court with the location information for defendants within sixty days to avoid

3  dismissal of the complaint under Rule 4(m) of the Federal Rules of Civil Procedure.

4  Based on the information recently provided by plaintiff, the Court will order the

5  clerk to reissue summons to defendants Drs. Posner and Haffner.

6

7                                    **CONCLUSION**

8          It is hereby ordered as follows:

9          1.      The clerk shall re-issue a summons and the United States Marshal

10 shall serve, without prepayment of fees, a copy of the amended complaint in this

11 matter (Docket No. 12), all attachments thereto, a copy of the Court's order filed

12 November 9, 2006, (Docket No. 17), and a copy of this order to Dr. David Posner

13 and Dr. Haffner at the addresses provided by plaintiff on December 13, 2007,

14 (Docket No. 31). The clerk shall also mail courtesy copies of the amended

15 complaint, a copy of the Court's November 9, 2006 order, and this order to the

16 California Attorney General's Office and the SVSP litigant coordinator. The SVSP

17 litigation coordinator, as well as counsel for the other defendants, and the Attorney

18 General of the State of California, are requested to provide plaintiff with information

19 regarding the location of defendants Willis and McAnutez. If preferable, they may

20 file this information with the Court directly under seal.

21         2.      Plaintiff's motion to the Court to order California Department of

22 Corrections ("CDC") and SVSP to provide location information for defendants

23 Willis and McAnutez (Docket No. 32) is DENIED as neither the CDC or SVSP are

24 parties to this action.

25         3.      In order to expedite the resolution of this case;

26                 a.      Defendants shall, within **sixty (60) days** from the date they are

27

28 Order Directing Clerk to Reissue Summons
   P:\PRO-SE\SJ.JW\CR.02\Lara05429_reissue summons.wpd        2

1  served with the amended complaint, file a motion for summary judgment or other

2  dispositive motion, or shall notify the Court that they are of the opinion that this case

3  cannot be resolved by such a motion.  The motion shall be supported by adequate

4  factual documentation and shall conform in all respects to Federal Rule of Civil

5  Procedure 56.

6          Defendants are advised that summary judgment cannot be granted,

7  nor qualified immunity found, if material facts are in dispute.  If defendants are of

8  the opinion that this case cannot be resolved by summary judgment, they shall so

9  inform the Court prior to the date the summary judgment motion is due.

10          All papers filed with the Court shall be served promptly on plaintiff.

11              b.  Plaintiff's opposition to the dispositive motion shall be filed with

12  the Court and served on defendants' counsel not later than **thirty (30) days** from the

13  date defendants' motion is filed.  The Ninth Circuit has held that the following

14  notice should be given to pro se plaintiffs:

15      The defendants have made a motion for summary  judgment by which
16      they seek to have your case dismissed.  A motion for summary
       judgment under Rule 56 of the Federal Rules of Civil Procedure will,
       if granted, end your case.

17
18      Rule 56 tells you what you must do in order to oppose a motion for
       summary judgment.  Generally, summary judgment must be granted
       when there is no genuine issue of material fact--that is,  if there is no
19      real dispute about any fact that would affect the result of your case, the
       party who asked for summary judgment is entitled to judgment as a
20      matter of law, which will end your case.  When a party you are suing
       makes a motion for summary judgment that is properly supported by
21      declarations (or other sworn testimony), you cannot simply rely on
       what your complaint says.  Instead, you must set out specific facts in
22      declarations, depositions, answers to interrogatories, or authenticated
       documents, as provided in Rule 56(e), that contradict the facts shown
23      in the defendant's declarations and documents and show that there is a
       genuine issue of material fact for trial. If you do not submit your own
24      evidence in opposition, summary judgment, if appropriate, may be
       entered against you. If summary judgment is granted in favor of
25      defendants, your case will be dismissed and there will be no trial.

26  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

27

28  Order Directing Clerk to Reissue Summons
   P:\PRO-SE\SJ.JW\CR.02\Lara05429_reissue summons.wpd    3

1    Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure

2    and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

3    (holding party opposing summary judgment must come forward with evidence

4    showing triable issues of material fact on every essential element of his claim).

5    Plaintiff is cautioned that failure to file an opposition to defendants' motion for

6    summary judgment may be deemed to be a consent by plaintiff to the granting of the

7    motion, and granting of judgment against plaintiff without a trial.  See Ghazali v.

8    Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d

9    651, 653 (9th Cir. 1994).

10          c.  Defendants may file a reply brief no later than **fifteen (15) days**

11   after plaintiff's opposition is filed.

12          d.  The motion shall be deemed submitted as of the date the reply brief

13   is due.  No hearing will be held on the motion unless the Court so orders at a later

14   date.

15          4.    Discovery may be taken in accordance with the Federal Rules of

16   Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or

17   Local Rule 16-1 is required before the parties may conduct discovery.

18          For plaintiff's information, the proper manner of promulgating discovery is to

19   send demands for documents or interrogatories (questions asking for specific, factual

20   responses) directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of

21   discovery is limited to matters "relevant to the claim or defense of any party . . ."

22   See Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i)

23   the discovery sought is unreasonably cumulative or duplicative, or is obtainable

24   from some other source that is more convenient, less burdensome, or less expensive;

25   (ii) the party seeking discovery has had ample opportunity by discovery in the action

26   to obtain the information sought; or (iii) the burden or expense of the proposed

27

28   Order Directing Clerk to Reissue Summons
     P:\PRO-SE\SJ.JW\CR.02\Lara05429_reissue summons.wpd       4

discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because plaintiff is incarcerated he is not required to meet and confer with defendants in person.  Rather, if his discovery requests are denied and he intends to file a motion to compel, he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the information sought.

     5.     All communications by plaintiff with the Court must be served on defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants' counsel.

     6.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED:   February 6, 2008                      

JAMES WARE
United States District Judge