**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS LARA,

       Plaintiff,

  vs.

DR. POSNER, et al.,

       Defendants.

No. C 02-05429 JW (PR)

ORDER DIRECTING CLERK TO REISSUE SUMMONS

Plaintiff, a California inmate proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Salinas Valley State Prison ("SVSP") employees. The Court ordered service of plaintiff's amended complaint upon defendants Dr. Posner and Dr. Haffner at SVSP, and upon defendant Willis at the address provided by the Litigation Coordinator. The Attorney General's office made a special appearance on behalf of these defendants to file a motion to dismiss the complaint on the grounds that there was insufficient service of process or alternatively, to quash the service of process as to these defendants. The Court granted the motion to quash but denied the motion to dismiss as there was "good cause" for the failure to adequately serve defendants. (See Docket No. 45.)

Order Directing Clerk to Reissue Summons
P:\PRO-SE\SJ.JW\CR.02\Lara05429_re svc.wpd

The Court has looked into whether these defendants have been served. As in all § 1983 prisoner cases filed in this court, the Court found that the Marshal's office mailed to each of the defendants at his/her place of business a summons and a copy of the complaint, as well as a notice and acknowledgment of receipt of summons. Upon receipt of the forms at the defendants' place of business (*i.e.*, CDCR, Sacramento, and SVSP), it is the practice of the litigation c
oordinator to forward the appropriate forms to the appropriate defendants, along with a form for requesting representation by the California Attorney General's Office. However, it is unclear whether this procedure occurred in this case. Accordingly, the clerk of the court is instructed to reissue summonses as to these defendants.

The Litigation Coordinator is requested to forward the appropriate forms to defendants Posner, Willis and Haffner at their last know address, along with a form for requesting representation by the California Attorney General's Office. If they decide to seek representation from the Attorney's General Office, each defendant should sign the form requesting representation and return it to the Attorney General's Office along with the summons, complaint and notice and acknowledgment form. Pursuant to the customary practice of the Attorney General's Office in § 1983 prisoner cases in this Court, the deputy attorney general assigned to this case should then complete the acknowledgment of receipt of summons form on behalf of defendants who request representation and return it to the Marshal's office.

Alternatively, to expedite these proceedings and avoid further delay, the deputy attorney general assigned to this case may secure waivers of service from these three defendants and file an appearance on their behalf. Briefing may then proceed as set forth below.

///

///

Order Directing Clerk to Reissue Summons
P:\PRO-SE\SJ.JW\CR.02\Lara05429_re svc.wpd        2

///

**CONCLUSION**

It is hereby ordered as follows:

1. The clerk shall re-issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter (Docket No. 12), all attachments thereto, a copy of the Court's order filed November 9, 2006, (Docket No. 17), and a copy of this order to **defendant Dr. David Posner at Corcoran State Prison**, to **defendant Dr. Haffner at Salinas Valley State Prison,** and to **defendant Willis** at the address provided by the Litigation Coordinator. (Docket No. 36.) The Litigation Coordinator is directed to forward the appropriate forms to the appropriate defendants, along with a form for requesting representation by the California Attorney General's Office. The clerk shall also serve a copy of this order to Deputy Attorney General Troy Bentley Overton and Supervising Deputy Attorney General Paul Hammerness.

2. In order to expedite the resolution of this case;

    a. Defendants shall, within **sixty (60) days** from the date they are served with the amended complaint or from the date defendants' counsel files an appearance on their behalf, file a motion for summary judgment or other dispositive motion, or shall notify the Court that they are of the opinion that this case cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

All papers filed with the Court shall be served promptly on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with

1  the Court and served on defendants' counsel not later than **thirty (30) days** from the

2  date defendants' motion is filed. The Ninth Circuit has held that the following

3  notice should be given to pro se plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    c. Defendants may file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later

1  date.

2        3.    Discovery may be taken in accordance with the Federal Rules of
3  Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or
4  Local Rule 16-1 is required before the parties may conduct discovery.

5        For plaintiff's information, the proper manner of promulgating discovery is to
6  send demands for documents or interrogatories (questions asking for specific, factual
7  responses) directly to defendants' counsel.  <u>See</u> Fed. R. Civ. P. 33-34.  The scope of
8  discovery is limited to matters "relevant to the claim or defense of any party . . ."
9  <u>See</u> Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i)
10 the discovery sought is unreasonably cumulative or duplicative, or is obtainable
11 from some other source that is more convenient, less burdensome, or less expensive;
12 (ii) the party seeking discovery has had ample opportunity by discovery in the action
13 to obtain the information sought; or (iii) the burden or expense of the proposed
14 discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply
15 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff
16 may find it to his benefit to wait until defendants have filed a dispositive motion
17 which could include some or all of the discovery plaintiff might seek.</u>  In addition,
18 no motion to compel will be considered by the Court unless the meet-and-confer
19 requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.
20 Because plaintiff is incarcerated he is not required to meet and confer with
21 defendants in person.  Rather, if his discovery requests are denied and he intends to
22 file a motion to compel, he must send a letter to defendants to that effect, offering
23 them one last opportunity to provide him with the information sought.

24       4.    All communications by plaintiff with the Court must be served on
25 defendants' counsel once counsel has been designated, by mailing a true copy of the
26 document to defendants' counsel.

27       5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must
28 keep the Court and the parties informed of any change of address and must comply

Order Directing Clerk to Reissue Summons
P:\PRO-SE\SJ.JW\CR.02\Lara05429_re svc.wpd      5

1  with the Court's orders in a timely fashion.  Failure to do so may result in the
2  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
3  Procedure 41(b).

5  DATED:   January 26, 2009
6                                                                JAMES WARE
                                                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS LARA,

        Plaintiff,

  v.

DR. POSNER, et al.,

        Defendants.
                              /

Case Number: CV02-05429 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/4/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Luis Lara K-26793
California Men's Colony
P. O. Box 8103
San Luis Obispo, Ca 93409

Dated: 2/4/2009

                              Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk