IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LARA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. POSNER, et al.,<br><br>　　　　Defendants. | No. C 02-05429 JW (PR)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE PROOF OF SERVICE OR PROVIDE COURT WITH LOCATION INFORMATION FOR DEFENDANT HAFFNER |

　　　　Plaintiff, a California inmate proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Salinas Valley State Prison ("SVSP") employees. The Court ordered service of plaintiff's amended complaint upon defendants Dr. Posner , Dr. Haffner, and Willis. The Court reissued summonses on February 4, 2009. (See Docket No. 47.) The summons for defendant Haffner was returned unexecuted on September 23, 2009, with the note by SVSP that "Dr. Haffner has left the country" and that "the facility refused to accept service." (Docket No. 61.)

　　　　In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal,

Order Directing Clerk to Reissue Summons
P:\PRO-SE\SJ.JW\CR.02\Lara05429_re Def.wpd

upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's amended complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Haffner, and consequently plaintiff must remedy the situation or face dismissal of his claims against defendant Haffner without prejudice. See Walker v. Sumner, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, plaintiff must either himself provide proof of service on defendant Haffner, or provide the Court with his accurate current location such that the Marshal is able to effect service. If plaintiff fails to effectuate service on defendant Haffner, or provide the Court with an accurate current location for him, within **thirty (30) days** of the date this order is filed, plaintiff's claims against defendant Haffner will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

DATED: October 5, 2009

JAMES WARE
United States District Judge

Order Directing Clerk to Reissue Summons
P:\PRO-SE\SJ.JW\CR.02\Lara05429_re Def.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS LARA,

        Plaintiff,

v.

DR. POSNER, et al.,

        Defendants.

Case Number: CV02-05429 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/19/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Luis Lara K-26793
California Men's Colony
P. O. Box 8103
San Luis Obispo, Ca 93409

Dated: 10/19/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk