IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LARA,<br><br>        Plaintiff,<br><br>  vs.<br><br>DR. POSNER, et al.,<br><br>        Defendants. | No. C 02-05429 JW (PR)<br><br>ORDER DIRECTING CLERK TO REISSUE SUMMONS AS TO DEFENDANT DR. POSNER |

Plaintiff, a California inmate proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Salinas Valley State Prison ("SVSP") employees. The Court ordered service of plaintiff's amended complaint upon defendants Dr. Posner and Dr. Haffner at SVSP, and upon defendant Willis at the address provided by the Litigation Coordinator. Summons was reissued as to defendant Dr, Posner on February 10, 2009, at Corcoran State Prison but the Court has not received any confirmation that summons was executed on this defendant. In the interest of justice, the Court shall re-issue summons to defendant Posner.

///

///

Order Directing Clerk to Reissue Summons
P:\PRO-SE\SJ.JW\CR.02\Lara05429_re svc1.wpd

**CONCLUSION**

It is hereby ordered as follows:

1. The clerk shall re-issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter (Docket No. 12), all attachments thereto, a copy of the Court's order filed November 9, 2006, (Docket No. 17), and a copy of this order to **defendant Dr. David Posner at Corcoran State Prison**.

2. In order to expedite the resolution of this case;

   a. Defendant shall, within **sixty (60) days** from the date he is served with the amended complaint or from the date defendant's counsel files an appearance on their behalf, file a motion for summary judgment or other dispositive motion, or shall notify the Court that he is of the opinion that this case cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   All papers filed with the Court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant's counsel not later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs:

   > The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
   >
   > Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted

>when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

  c. Defendant may file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

 4. All communications by plaintiff with the Court must be served on defendants' counsel once counsel has been designated, by mailing a true copy of the

Order Directing Clerk to Reissue Summons
P:\PRO-SE\SJ.JW\CR.02\Lara05429_re svc1.wpd     3

1 document to defendant's counsel.

2     5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED: March 25, 2010



JAMES WARE
United States District Judge

Order Directing Clerk to Reissue Summons
P:\PRO-SE\SJ.JW\CR.02\Lara05429_re svc1.wpd      4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS LARA,

        Plaintiff,

  v.

DR. POSNER, et al.,

        Defendants.

Case Number: CV02-05429 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____3/26/2010_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Luis Lara
1676 Spooner Dr.
San Luis Obispo, CA 93405

Dated: _____3/26/2010_____

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk