FILED

APR 20 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LARA,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. POSNER,<br><br>    Defendant. | No. C 02-05429 JW (PR)<br><br>ORDER DIRECTING CLERK TO REISSUE SUMMONS TO DEFENDANT POSNER; DIRECTING PLAINTIFF TO PROVIDE COURT WITH LOCATION INFORMATION FOR DEFENDANT POSNER |

Plaintiff, a California inmate proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Salinas Valley State Prison ("SVSP") employees. Only Defendant Dr. Posner remains in this action.

## DISCUSSION

### A. Reissue Summons

On March 26, 2010, the Court directed the clerk to reissue summons as to defendant Dr. Posner at Corcoran State Prison ("CSP"). (See Docket No. 76.) The clerk did so on March 31, 2010. (See Docket No. 78.) Several months passed with no response by Dr. Posner or prison officials to the summons. In the last Court order

filed September 22, 2010, the Litigation Coordinator at CSP was ordered to file notice within thirty days from the date the order was filed, stating the status of defendant Dr. Posner's current employment status at CSP and whether defendant received notice of and/or received the summons issued on March 31, 2010. (Docket No. 82.) The clerk sent a courtesy copy of the order to the Attorney General's office. Due to the lack of response from CSP, the Court ordered the Attorney General's Office to file notice regarding the status of Dr. Posner.

On March 22, 2011, the Attorney General's Office filed a letter stating that to their knowledge, Dr. Posner has not been an employee of the State of California for a number of years and that the summons issued on March 31, 2010 has never been served on Dr. Posner. (Docket No. 84.) However, there has been no response from the Litigation Coordinator at CSP to confirm this information. In the interest of justice, the Court will order the clerk to reissue summons to defendant Dr. Posner at CSP.

### B. Plaintiff to File Location Information

Because it appears that Dr. Posner may no longer be at the location which plaintiff indicated, plaintiff will have to remedy the situation or face dismissal of his claims against defendant Posner without prejudice. See Walker v. Sumner, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's amended complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). Accordingly, plaintiff shall provide the Court with a current location for unserved defendant Posner in a pleading **no later than thirty**

**(30) days** from the date of this order. Plaintiff must provide the Court with this information in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). **Failure to comply with this order in the time provided may result in dismissal of the claims against defendant Dr. Posner without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.**

## CONCLUSION

It is hereby ordered as follows:

1. The clerk shall re-issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter (Docket No. 12), all attachments thereto, a copy of the Court's order filed November 9, 2006, (Docket No. 17), and a copy of this order to defendant Posner at Corcoran State Prison.

2. In order to expedite the resolution of this case;

   a. Defendant shall, within **sixty (60) days** from the date he is served with the amended complaint, file a motion for summary judgment or other dispositive motion, or shall notify the Court that he is of the opinion that this case cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   All papers filed with the Court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with

the Court and served on defendant's counsel not later than **thirty (30) days** from the date defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    c. Defendant may file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later

1  date.

2  3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

4.  All communications by plaintiff with the Court must be served on defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant's counsel.

DATED: April 15, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS LARA,

        Plaintiff,

v.

DR. POSNER,

        Defendant.

Case Number: CV02-05429 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __4/20/11__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Luis Lara
1676 Spooner Dr.
San Luis Obispo, CA 93405

Dated: __4/20/11__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk